# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMAJ DEWAYNE SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. KHANDOROVA, et al.,<br><br>    Defendants. | 1:15-cv-00073-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I. Screening Requirement and Standard

Plaintiff Semaj Dewayne Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on January 16, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the California Institution for Men in Chino, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF").  Plaintiff names the following defendants:  (1) Dr. Khandorova; (2) LVN Thomas; and (3) RN Connie.

In Claim One, Plaintiff alleges as follows:

> Dr. Kandorova M.D. she denied me proper medical treatment due to Thomas L.V.N. and Connie R.N. statements with her making the right decisions regarding my medical conditions that caused me long term suffering and pain and mental anguish damage with making a statement and decision that I was okay and that their [sic] is nothing wrong with me in which my outside documents prove otherwise.

(ECF No. 1, p. 3.)

In Claim Two, Plaintiff alleges as follows:

> 602's that has been submitted regarding those matters.  Medical Board of California Consumer COMPLAINT Form, Memorandum that was partially

> granted on RN. Connie wrong doing-DESERT ARHRITIS [sic] AND MEDICAL CLINIC Documents from the outside Doctors Regarding my Serious Medical Conditions.  The CDCR 1824 medical was not fully granted.  Copies of wrong medication the Doctors gave me in the past. Discrimination, Harassment Denied me of proper medical Attention Pain and Suffering for the whole period of time I had to go through without proper medical Attention as well as mental anguish Damage.

(ECF No. 1, p. 4.)

According to exhibits attached to Plaintiff's complaint, it appears that he is complaining as follows:  Plaintiff has a polio condition that he has suffered since his childhood.  He is in constant pain and experiences weakness.  He is being denied the right help.  (ECF No. 1, pp. 7, 9.)  Further, while at CSATF, he has had four surgeries on his feet—2 on the left and 2 on the right—due to ingrown toenails.  This is an ongoing problem and he is being denied proper medical treatment.  Plaintiff also has been given other inmates' medication by nursing staff.  (ECF No. 1, p. 7.)

Plaintiff additionally appears to be complaining that he was ducated to see Dr. Khandorova on October 13, 2014.  Before seeing the doctor, Plaintiff made contact with LVN Thomas to take his blood pressure.  At that time, LVN Thomas became hostile and threatened Plaintiff that if he did not stop writing inmate request slips to see the eye doctor for new glasses he would be written up.  LVN Thomas told Plaintiff to stop writing request slips to the RN at CTC about eye glasses because the doctor did not order any for him.  LVN Thomas became more irritated with Plaintiff and told him to return to the cage to wait to see the doctor.  Shortly after, Plaintiff was called by Dr. Khandorova to check on Plaintiff's infected foot.  Dr. Khandorova asked Plaintiff is she was supposed to order Plaintiff's foot insoles or if the doctor at CTC was going to give them to Plaintiff at the next visit.  Plaintiff did not know.  Dr. Khandorova asked LVN Thomas if she was supposed to order Plaintiff's insoles.  LVN Thomas asked why and Dr. Khandorova explained that the foot doctor ordered insoles due to Plaintiff's polio condition and his right leg being shorter than his left.  LVN Thomas started to get hostile and had a debate with Dr. Khandorova regarding Plaintiff's polio and leg condition.  LVN Thomas began arguing with Plaintiff, saying he was too young to have polio and was not born

with it.  Dr. Khandorova told Plaintiff to take off his shoes so that they could measure his legs.  After Plaintiff lifted his pant leg, LVN Thomas continued to argue that Plaintiff was lying and there was nothing wrong with him.  Plaintiff contends that LVN Thomas stopped the doctor from providing him with adequate treatment with her lies about Plaintiff's condition. Plaintiff contends that LVN Thomas got RN Connie involved by yelling to her that Plaintiff claimed to have polio.  At that time, RN Connie began to harass Plaintiff and question him about where he was born.

Plaintiff seeks damages.

**III.    Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint lacks basic facts, including what happened, when it happened and who was involved.  More importantly, Plaintiff's complaint does not sufficiently and succinctly state the basis for his claims.  Plaintiff will be given leave to cure these deficiencies.

**B.  Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

"the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096; <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." <u>Simmons</u>, 609 F.3d at 1019; <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff's complaint lacks basic facts to state a cognizable deliberate indifference claim against any of the defendants. It is unclear what medical condition or medical treatment he is complaining about in this action. In other words, Plaintiff's complaint fails to identify the serious medical need at issue and the defendant's response to that need was deliberately indifferent. At best, Plaintiff has alleged that Defendants Thomas and Connie engaged in verbal harassment with Plaintiff regarding his polio and/or leg condition and Defendant Thomas threatened Plaintiff regarding his requests for treatment. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

### IV.     Conclusion and Order

For the above reasons, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. <u>Iqbal</u>, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure state a cognizable section 1983 claim.

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **July 27, 2015**                    /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE