# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMAJ DEWAYNE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DR. KHANDOROVA, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00073-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 12)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

Plaintiff Semaj Dewayne Smith ("Plaintiff"), a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, initiated this action on January 16, 2015. On July 28, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 12.) Thereafter, Plaintiff was granted two extension of time to amend his complaint, with the most recent amended complaint due by November 10, 2015. (ECF No. 16.) The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with the Court's order.

1

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since July 2014. Plaintiff has previously been granted three extensions of time to file his amended complaint, but despite the Court's leniency, he has not yet complied with the Court's May 18, 2015 order. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's

May 18, 2015 order granting Plaintiff leave to amend his complaint expressly stated, "If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order." (ECF No. 24, p. 11.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to comply with the Court's May 18, 2015 order, for failure to state a claim, and for failure to prosecute.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2015**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE